UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RACHEL MARIA PHIFER, | ) |
| Plaintiff, | ) ) ) |
| v. | No.: 3:19-CV-149-CLC-HBG ) ) |
| OFFICER MONEYMAKER, | ) ) |
| Defendant. | ) |

# **M E M O R A N D U M**

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, this action will be **DISMISSED** as time-barred, barred due to res judicata, and/or for failure to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's motion to appoint counsel (Doc. 5) will be **DENIED AS MOOT**.

## I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998; *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ANALYSIS

Plaintiff's complaint, which she signed on March 21, 2019, alleges that on March 2, 2017, Defendant Moneymaker responded to an assault on Plaintiff by pulling Plaintiff up backwards with her knee in the middle of Plaintiff's spinal cord and that subsequent x-rays showed that she had a lumbar 1 burst fracture (Doc. 2 at 3).

First, district courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). Accordingly, Plaintiff's March 21, 2019, complaint setting forth claims arising out of out of an incident on March 2, 2017, is clearly time-barred.

Also, Plaintiff previously filed a complaint setting forth a substantively identical claim against Defendant Moneymaker in this District which the Court dismissed for failure to state a claim. *See Phifer v. Sykes et. al*, 3:18-CV-198 (E.D. Tenn. Sept. 9, 2018). The doctrine of res judicata prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).

2

The doctrine consists of two related concepts: claim preclusion and issue preclusion. *Taylor*, 22 F. App'x at 538–39; *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Taylor*, 22 F. App'x at 538–39 (internal citation omitted); *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001); *see also, e.g.*, *Doe ex rel. Doe v. Jackson Local Schools School Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (noting that claim preclusion requires "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of actions"); *Vincent v. Warren Cty., Ky*, 629 F. App'x 735, 740 (6th Cir. 2015) (noting that, for issue preclusion to apply, "the issue raised in the second case must have been raised, actually litigated and decided, and necessary to the court's judgment in the first case"). "A completely duplicative complaint lacks an arguable basis either in law or in fact and, [is] therefore . . . properly dismissed on the basis of res judicata." *Taylor*, 22 F. App'x at 539.

The substantive claim Plaintiff seeks to bring in this action against Defendant Moneymaker is identical to the claim that Plaintiff brought in her previous action. *See Phifer v. Sykes et. al*, 3:18-CV-198 (E.D. Tenn. Sept. 9, 2018). Accordingly, the doctrine of res judicata bars this action.

Further, even if Plaintiff's complaint were not time-barred and/or barred by res judicata, it would be subject to dismissal for failure to state a claim for the same reasons Plaintiff's previous complaint was dismissed. *Id.*

3

Accordingly, Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### III. CONCLUSION

For the reasons set forth above:

1. This action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983;

2. Plaintiff's pending motion to appoint counsel (Doc. 5) will be **DENIED as moot**; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**An Order Will Enter.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**